**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |
|---|
| DELIAN BREWER,<br><br>          Petitioner - Appellant,<br><br>     v.<br><br>DERRAL G. ADAMS; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; THOMAS L. CAREY,<br><br>          Respondents - Appellees. |

No. 09-15980

D.C. No. 2:02-cv-00312-MCE-CHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted December 6, 2010
San Francisco, California

Before:  COWEN,[**] TASHIMA and SILVERMAN, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Delian Brewer, a California state prisoner who was convicted of first degree murder and other charges, appeals from the District Court's denial of his 28 U.S.C. § 2254 petition. We will affirm.

The California Superior Court's decision rejecting Brewer's ineffectiveness claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See, e.g., 28 U.S.C. § 2254(d). Especially in light of the strength of the prosecution's case against his client, the defense counsel was confronted with the particularly difficult choice between: (1) an alibi defense, which was admittedly risky but furnished a complete defense to the relevant charges, was developed by Brewer himself, and otherwise was not obviously fraudulent or doomed to fail; and (2) an unreasonable self-defense theory, which had serious problems of its own and, even if successful, would still have resulted in a manslaughter conviction. Viewing the attorney's actions or omissions as of the time they occurred, it was reasonable to conclude that the attorney's performance in this matter fell within the wide range of constitutionally effective assistance. See, e.g., Strickland v. Washington, 466 U.S. 668, 687-91 (1984).

We likewise hold that the California Court of Appeal's rejection of Brewer's misjoinder claim did not contradict or unreasonably apply binding United States

Supreme Court precedent and that the state appellate court's ruling was not otherwise based on any unreasonable factual determination. See, e.g., 28 U.S.C. § 2254(d). We recently indicated that a comment in United States v. Lane, 474 U.S. 438 (1986), about misjoinder and a defendant's right to a fair trial was dicta and therefore could not constitute "clearly established Federal law" under AEDPA. Collins v. Runnels, 603 F.3d 1127, 1132 (9th Cir.), cert. denied, 131 S. Ct. 243 (2010); see also id. ("Here, Lane expressly stated that 'improper joinder does not, in itself, violate the Constitution.' 474 U.S. at 446 n.8, 106 S. Ct. 725. Collins' argument that Lane applies to state courts fails for that reason as well."). In any case, the state appellate court reasonably determined that Brewer failed to establish prejudice with respect to the joinder of the charges against him in a single trial. Among other considerations supporting this determination, we note that the prosecution had an especially strong case against Brewer as to both the 1994 home invasion robbery as well as the 1995 murder/robbery charges.

**AFFIRMED.**