**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODNEY DEON HOLLIE,

                Petitioner - Appellant,

   v.

ANTHONY HEDGPETH, Warden;
ATTORNEY GENERAL OF THE STATE
OF CALIFORNIA,

                Respondents - Appellees.

No. 10-55331

D.C. 2:08-cv-02950-JVS-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 12, 2011
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District
Judge.[**]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Barbara M. G. Lynn, District Judge for the U.S.
District Court for Northern Texas, sitting by designation.

Petitioner Rodney Deon Hollie ("Hollie"), a California state prisoner, appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

**1.** Hollie is not entitled to habeas relief on his claim that the state court's denial of his motion for a separate jury trial on Counts 1 and 2 ("motion to sever charges"), violated his constitutional right to due process. Under 28 U.S.C. § 2254(d)(1), a federal court may only grant a state prisoner habeas relief if the state court's denial of the prisoner's claim contravenes "clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). The Supreme Court has never held that a trial court's failure to provide separate trials on different charges implicates a defendant's right to due process. *See Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010) (rejecting petitioner's argument that *United States v. Lane*, 474 U.S. 438 (1986), provides "clearly established federal law" governing a state court's denial of a motion to sever).[1]

_____

[1] Because Hollie does not claim that the state court's denial of his motion to sever his charges was based on an erroneous factual finding, Section 2254(d)(2) does not apply to this claim. *See* 28 U.S.C. § 2254(d)(2) (permitting habeas relief when the state court's rejection of a claim was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.").

**2.** The state court's denial of Hollie's motion to suppress his confession was not "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Hollie has not pointed to an obvious defect in the state court's fact finding process. *Cf. Taylor v. Maddox*, 366 F.3d 992, 1005 (9th Cir. 2004) (finding state court factual finding unreasonable where state court failed to "consider, or even acknowledge" the testimony of a key defense witness).

**AFFIRMED.**