**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN KEATON GEORGE, | No. 10-16873 |
| Petitioner - Appellant, | DC No. 4:09-cv 02076 CW |
| v. | |
| JOHN W. HAVILAND, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted January 17, 2013
San Francisco, California

Before:    TASHIMA and GRABER, Circuit Judges, and ADELMAN, District
Judge.[**]

Brian George, who was convicted in state court on several charges

associated with two separate shooting incidents, petitions for habeas corpus relief

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

-1-

under 28 U.S.C. § 2254.  His petition – which is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – cannot be granted unless the state's adjudication was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  We affirm the district court's denial of the petition.

1.	George argues that the trial court's failure to instruct the jury with CALJIC 2.21.2 violated his right to due process.  That instruction allows jurors to "reject the whole testimony of a witness who willfully has testified falsely as to a material point."  This instruction was warranted because of the undisputed inconsistencies in the testimony of a key state witness, Jeremy Phillips.  The state court reasonably concluded, however, that the error was harmless and thus did not violate due process.  The substance of CALJIC 2.21.2 was adequately covered by other instructions, including CALCRIM 226, which provides, in part: "You may believe all, part, or none of any witness's testimony. . . .  In evaluating a witness's testimony, you may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony."  Moreover, nothing in the instructions precluded the jury from drawing the common-sense inference described by

CALJIC 2.21.2. Accordingly, the state court's ruling was reasonable under the AEDPA.

**2.** George also contends that his due process rights were violated when the state court consolidated charges related to two separate shooting incidents. As an initial matter, this claim fails because, under the AEDPA, it is not "clearly established" that misjoinder of charges can violate due process. *See Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010). Even if there were applicable and clearly established federal law, the state court reasonably concluded that there was no due process violation. The two sets of charges were simple and distinct, and neither was demonstrably stronger than the other. Moreover, the jury failed to convict on one charge from each shooting incident, which shows its ability to compartmentalize the two cases. *Park v. California*, 202 F.3d 1146, 1150 (9th Cir. 2000).

**AFFIRMED.**

-3-