**I NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHMINDAR JEET SINGH, | No. 11-17207 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-01453-GEB-CHS |
| v. | |
| WILLIAM KNIPP, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Senior District Judge, Presiding

Argued and Submitted April 15, 2013
San Francisco, California

Before:     GRABER and CHRISTEN, Circuit Judges, and TUNHEIM, District
Judge.**

California state prisoner Ashmindar Jeet Singh appeals the district court's

denial of his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable John R. Tunheim, District Judge for the U.S. District
Court for the District of Minnesota, sitting by designation.

U.S.C. § 1291. We review de novo a district court's decision to grant or deny a habeas petition, *Collins v. Runnels*, 603 F.3d 1127, 1130 (9th Cir. 2010), and we affirm.

Singh's habeas petition – which is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – cannot be granted unless the state court's adjudication of the merits was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Singh contends the joinder of his trial with the trial of four co-defendants deprived him of due process of law and a fair trial. The California Court of Appeal's rejection of this claim did not contradict or unreasonably apply binding United States Supreme Court precedent; under AEDPA, the Supreme Court has not "clearly established" that misjoinder can amount to a constitutional violation. *See Collins*, 603 F.3d at 1132.

Singh also contends his trial attorney provided ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 697 (1984), by failing to accept the trial court's offer to sever Singh's trial. The California Court of Appeal's conclusion that Singh failed to demonstrate that prejudice resulted from

his counsel's representation is not contrary to or an unreasonable application of *Strickland*. *Id.* ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). The evidence against Singh was strong, the trial court provided limiting instructions, and the jury acquitted Singh of robbery and returned a "not true" finding as to a weapons enhancement. *See Park v. California*, 202 F.3d 1146, 1150 (9th Cir. 2000) ("We have held that the failure of the jury to convict on all counts is the best evidence of the jury's ability to compartmentalize the evidence.") (internal quotation marks omitted).

**AFFIRMED.**