
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARTHUR GRAJEDA,<br><br>　　　　　Petitioner - Appellant,<br><br>　v.<br><br>A. K. SCRIBNER, Warden,<br><br>　　　　　Respondent - Appellee. | No. 11-56775<br><br>D.C. No. 2:03-cv-07280-PSG-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierrez, District Judge, Presiding

Submitted August 30, 2013[**]
Pasadena, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and NAVARRO, District
Judge.[***]

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　　[***]　　The Honorable Gloria M. Navarro, District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

Petitioner Arthur Grajeda appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the district court's denial of a habeas petition de novo, and the district court's findings of fact for clear error. *Carrera v. Ayers*, 699 F.3d 1104, 1106 (9th Cir. 2012) (en banc).

Grajeda was charged in California state court with two counts of murder jointly with his codefendant, and the trial court denied his motion to sever his trial from that of his codefendant. Grajeda was convicted on both counts, and on appeal, the California Court of Appeal affirmed, with one judge dissenting. The California Supreme Court denied Grajeda's petition for review without comment.

We review the decision of the California Court of Appeal because it was the last reasoned state judgment addressing Grajeda's claim that denial of his motion to sever was constitutional error. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner is entitled to relief where he is in state custody as the result of "a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Because § 2254(d) applies "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents," and "goes no farther," we grant habeas relief only where "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

The Supreme Court has not held that a state or federal trial court's denial of a motion to sever can, in itself, violate the Constitution. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (discussing joinder and severance in the context of Rules 8 and 14 of the Federal Rules of Criminal Procedure); *United States v. Lane*, 474 U.S. 438, 446 & n.8 (1986) (discussing misjoinder under Rule 8 of the Federal Rules of Criminal Procedure); *see also Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010) (holding that neither *Zafiro* nor *Lane* established a constitutional standard binding on the states); *Runningeagle v. Ryan*, 686 F.3d 758, 776–77 (9th

Cir. 2012) (reiterating the holding in *Collins* and holding that "[n]either decision is 'clearly established Federal law' sufficient to support a habeas challenge under § 2254").

According to the prosecution's theory, Petitioner was directed to kill his co-defendant as well as others, but when all the targets were assembled in a room, Petitioner provided the co-defendant the option of killing the others instead in order to save his own life. Therefore the state court was justified in finding that the evidence against the co-defendant was cross-admissible against Petitioner.

Under the highly deferential standard of review that is applicable here, we cannot say that the California Court of Appeal's decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**