**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES COLLINS, | No. 11-56297 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00847-GHK-PJW |
| v. | |
| DOMINGO URIBE, Jr., Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 to review the denial

of James Collins's 28 U.S.C. § 2254 habeas petition. We review the district

court's denial of the habeas petition de novo, *Maciel v. Cate*, 731 F.3d 928, 932

(9th Cir. 2013), and affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The California Court of Appeal's decision that due process did not require severance of the charges against Collins was not "contrary to, or . . . an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). "[I]t cannot be said that a state court unreasonably applied clearly established Federal law" when Supreme Court precedent "give[s] no clear answer to the question presented." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (internal quotation marks and alterations omitted). The Supreme Court has never held that a trial court's failure to provide separate trials on different charges implicates a defendant's right to due process. *See Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010).

Furthermore, to the extent that our case law has suggested that the failure to sever may, in some instances, rise to the level of a due process violation, this is not such an instance. The refusal to sever the separate offenses here did not "actually render petitioner's state trial fundamentally unfair and hence, violative of due process." *Featherstone v. Estelle*, 948 F.2d 1497, 1503 (9th Cir. 1991) (citation omitted). The record supports the California Court of Appeal's finding of no prejudice, because neither crime was particularly inflammatory in comparison to the other and the evidence on both counts was about equal in strength. Moreover, "any prejudice was further limited through an instruction directing the jury to

consider each count separately." *Davis v. Woodford*, 384 F.3d 628, 639 (9th Cir. 2003). This instruction was all the more effective because "the evidence of each crime is simple and distinct." *Id.*

2. Collins failed to argue that the admission of unreliable hearsay evidence violated his right to due process until his reply brief. "Arguments raised for the first time in petitioner's reply brief are deemed waived." *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).[1]

The judgment of the district court is **AFFIRMED**.

---

[1]Although Collins argued in his opening brief that the admission of Hamilton's statements violated the Confrontation Clause, he conceded that position in his reply brief and at oral argument, because the statements are non-testimonial. *See Davis v. Washington*, 547 U.S. 813, 824 (2006).