FILED

JUL 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTON ACEVEDO, | No. 10-56681 |
| Petitioner - Appellant, | D.C. No. 8:09-cv-00465-DOC |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Anton Acevedo appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction

under 28 U.S.C. § 2253.  We review de novo a district court's denial of a habeas

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition, *see Collins v. Runnels*, 603 F.3d 1127, 1130 (9th Cir. 2010), and we reverse and remand.

Acevedo contends that his trial counsel provided ineffective assistance by failing to file a notice of appeal after Acevedo's 2007 resentencing. The district court rejected this claim, reasoning that Acevedo could not establish prejudice under *Strickland v. Washington*, 466 U.S. 688 (1984), because he did not show that an appeal would have been successful. But a defendant does not need to show that the appeal would have been meritorious to demonstrate prejudice, only that there is a reasonable probability that he would have appealed but for counsel's failure to consult with him about an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005). Accordingly, we remand for the district court to consider whether there was any reasonable basis for the state court to reject Acevedo's claim, applying the proper standard for prejudice outlined in *Flores-Ortega*. *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

In light of our disposition, we decline to address Acevedo's uncertified claim at this time.

**REVERSED and REMANDED.**