**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY JOE MARTINEZ,<br><br>Petitioner - Appellant,<br><br>v.<br><br>JAMES A. YATES, Warden,<br><br>Respondent - Appellee. | No. 13-16154<br><br>D.C. No. 2:08-cv-02077-TJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Terry J. Hatter, Senior District Judge, Presiding

Argued and Submitted October 6, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Anthony Joe Martinez appeals from a judgment of the district court denying

his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

Because the parties are familiar with the history of this case, we need not recount it

here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

# I

The district court properly concluded that Martinez is not entitled to habeas relief on his claim that his federal due process rights were violated by the trial court's failure to sever for trial the criminal charges relating to two separate incidents.

A federal court may grant a habeas petition if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). There is no clearly established Supreme Court precedent dictating when a trial in state court must be severed. *Runningeagle v. Ryan*, 686 F.3d 758, 774 (9th Cir. 2012) ("[T]here is no clearly established federal law requiring severance of criminal trials in state court even when the defendants assert mutually antagonistic defenses.").

The Supreme Court noted in a footnote in *United States v. Lane* that "misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." 474 U.S. 438, 446 n.8 (1986). However, we have held that this footnote in *Lane* does not qualify as clearly established federal law under federal habeas law. *Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010) ("The footnote upon

which Collins relies did not set forth the governing legal principle in *Lane*. It was merely a comment.").

Further, the record discloses that there was no due process violation. The evidence as to the two incidents was cross-admissible under California Evidence Code § 1101(b) (uncharged misconduct may be used to prove identity). The evidence presented was distinct, and the jury was given instructions to consider the two crimes separately. *See Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir. 1988) (concluding that "prejudice generally does not arise from joinder when the evidence of each crime is simple and distinct, even in the absence of cross-admissibility"). There is no indication in the record that the jury failed to distinguish between the evidence presented in the two cases. Nor was there a significant disparity in the relative strength of the two cases. In both incidents, eyewitnesses identified Martinez as the perpetrator. The district court properly denied relief.

## II

The district court also properly concluded that the state court's decision denying Martinez relief on his prosecutorial misconduct claim was not contrary to and did not involve an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254. The prosecutor's comments on the reasonable

3

doubt standard did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Parker v. Matthews*, 132 S.Ct. 2148, 2153 (2012) (internal quotations and citation omitted). Nor did Martinez demonstrate that statements made by the prosecutor introduced facts not in evidence.

Martinez's claims that the prosecutor improperly vouched for witnesses and referenced facts outside the record are procedurally barred. Martinez did not receive ineffective assistance of counsel, and therefore this procedural bar is not circumvented by a showing of prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## III

Given the lack of constitutional error, the district court also properly rejected Martinez's argument that he is entitled to relief based on cumulative error.

**AFFIRMED.**