**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAY CHESTER LEWIS, | No. 12-56592 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-03527-GW |
| v. | |
| HEIDI M. LACKNER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 5, 2014[**]

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

California state prisoner Ray Chester Lewis appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas corpus petition.   We have

jurisdiction under 28 U.S.C. § 2253.   We review de novo a district court's judgment

denying his 28 U.S.C. § 2254 habeas corpus petition, *see Collins v. Runnels*, 603

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

F.3d 1127, 1130 (9th Cir. 2010), and we affirm.

As an initial matter, the state argues that Lewis's claim is procedurally barred. We do not reach this issue and instead resolve this case on the merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).

Lewis contends that his due process rights were violated because his sentence of 28 years and 8 months was motivated by vindictiveness. Lewis previously pleaded guilty to various drug and firearm charges and was sentenced to 14 years imprisonment. After Lewis successfully challenged his guilty plea in a state habeas proceeding, he was convicted of fewer charges at a jury trial. A different judge presided over the jury trial and imposed the challenged sentence. The California Court of Appeal concluded that Lewis failed to show either presumptive or actual vindictiveness. This decision was not contrary to, or an unreasonable application of, clearly established federal law, nor an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Alabama v. Smith,* 490 U.S. 794, 803 (1989) (no presumption of vindictiveness "where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea"); *Texas v. McCullough*, 475 U.S. 134, 140 (1986) (no showing of vindictiveness where "different sentencers assessed the varying sentences that [defendant] received" and "the second sentencer

provides an on-the-record, wholly logical, non-vindictive reason for the sentence”).

**AFFIRMED.**