**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEMEKO HOLLAND,

              Petitioner - Appellant,

v.

PATRICK GLEBE,

              Respondent - Appellee.

No. 14-35908

D.C. No. 2:14-cv-00070-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Argued and Submitted February 5, 2016
Seattle, Washington

Before: O'SCANNLAIN and GOULD, Circuit Judges and BURNS,[**] District
Judge.

     Demeko Holland asks us to reverse the district court's denial of his petition

for habeas corpus. The facts of this case are known to the parties, and we do not

repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Larry A. Burns, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

Holland argues that the Washington Court of Appeals unreasonably determined that he validly waived his *Miranda* rights.[1] *See* 28 U.S.C. § 2254(d)(2), (e)(1). We disagree. Following arrest, police read Holland his rights and Holland affirmatively acknowledged that he understood them and proceeded to speak with police. *See Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010). Although Holland had consumed drugs the night before, he was lucid during questioning and recounted in great detail the events of the previous night and the morning before the murder. Likewise, the Court of Appeals reasonably concluded that Holland's comment that he did not want to give a written statement suggested only that Holland did not wish to be tied down to a single version of the facts. Considering the totality of the circumstances surrounding Holland's waiver, the Washington Court of Appeals's conclusion was well within reason. *See North Carolina v. Butler*, 441 U.S. 369, 374–75 (1979).

**AFFIRMED.**

---

[1] Because the Washington Supreme Court declined to review Holland's appeal, the decision by the Washington Court of Appeals is the "last reasoned decision." *See Dyer v. Hornbeck*, 706 F.3d 1134, 1137 (9th Cir. 2013) (quoting *Collins v. Runnels*, 603 F.3d 1127, 1130 (9th Cir. 2010)).