**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUTTER NGUYEN,

Petitioner-Appellant,

v.

T. FELKER,

Respondent-Appellee.

No.    14-17198

D.C. No. 2:08-cv-02150-TJH

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted December 16, 2016
San Francisco, California

Before:  HAWKINS, BERZON, and MURGUIA, Circuit Judges.

Sutter Nguyen appeals the denial of his habeas corpus petition.  The district

court issued a certificate of appealability on a single issue:  whether Nguyen's

"constitutional rights were violated when his request to sever his trial from his co-

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

defendants was denied." We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1.     Nguyen's 28 U.S.C. § 2254(d)(1) claim fails because there is no clearly established Supreme Court precedent binding on the states requiring trial severance under the circumstances of Nguyen's trial. *See Collins v. Runnels*, 603 F.3d 1127, 1131-33 (9th Cir. 2010).

 2.     Nguyen's 28 U.S.C. § 2254(d)(2) claim fails because Nguyen has not shown that the California Court of Appeal's ("CCA") denial of severance was based on an unreasonable determination of the facts. Nguyen does not identify any unreasonable factual determinations the CCA made in denying his severance claim. Rather, Nguyen argues that the court erred in analyzing the harm that resulted from the failure to sever his trial. This argument, however, does not address whether the denial of the severance claim itself was based on an unreasonable determination of the facts. *See Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004) (separately evaluating the state court's factual determinations under 28 U.S.C. § 2254(d)(2) and the harm suffered by petitioner).

3.     We deny the motion to expand the certificate of appealability as to uncertified issues discussed in Nguyen's brief. *See* 9th Cir. R. 22-1(c)-(e). With respect to the admission of gang evidence, Nguyen did not argue in his federal habeas petition that

2

the CCA's decision was based on an unreasonable determination of the facts or that the trial court's rulings were the product of a deficient fact-finding process. Accordingly, Nguyen has waived these claims on appeal. *See Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009) (explaining habeas claims not raised before the district court are not cognizable on appeal). Even assuming Nguyen did not waive these claims, the CCA's decision was not based on an unreasonable determination of the facts and the trial court's fact-finding process was not deficient.

**AFFIRMED.**

*Nguyen v. Felker*, 14-17198

BERZON, Circuit Judge, concurring, in part, and dissenting, in part:

I concur in the memorandum disposition as to parts 1 and 2.

As to part 3, however, I respectfully dissent. I would grant the certificate of appealability as to whether, with regard to the expert gang evidence, the California courts unreasonably determined the facts or used a deficient fact-finding process. *See* 28 U.S.C. 2254(d)(2).