NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STANLEY RIMER,

Petitioner-Appellant,

v.

RENEE BAKER, Warden; et al.,

Respondents-Appellees.

No.   22-16270

D.C. No.
3:18-cv-00023-MMD-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted April 1, 2024
San Francisco, California

Before:  HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,[**] Chief
District Judge.

Stanley Rimer appeals the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus, in which he claimed misjoinder of charges and

defendants in his state criminal trial. We have jurisdiction under 28 U.S.C. §§ 1291

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Brian M. Morris, Chief United States District Judge
for the District of Montana, sitting by designation.

and 2253(a) and affirm.

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Rimer claims that the relevant "clearly established Federal law" was determined by the Supreme Court in *United States v. Lane*, which stated in a footnote that "[i]mproper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." 474 U.S. 438, 446 n.8 (1986). But we have expressly characterized this footnote as dicta and held that no Supreme Court case "establish[es] a constitutional standard binding on the states requiring severance." *Collins v. Runnels*, 603 F.3d 1127, 1132–33 (9th Cir. 2010); *accord Runningeagle v. Ryan*, 686 F.3d 758, 776–77 (9th Cir. 2012).

Recognizing that *Collins* is fatal to his habeas petition, Rimer asks us to

overrule it. However, a three-judge panel may not overrule a prior opinion unless it is "clearly irreconcilable" with "intervening Supreme Court authority." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). Rimer has identified no such authority and we are aware of none.

**AFFIRMED.**